UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCH DAVENPORT, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE WENDY'S COMPANY, a foreign corporation, WENDY'S RESTAURANTS, LLC, a foreign limited liability company, WENDY'S INTERNATIONAL INC., (dba THE WENDY'S RESTAURANT SYSTEM IN THE UNITED STATES) a foreign corporation, and DOES 1-20, inclusive,<br><br>Defendants. | No. 2:13-cv-02159-GEB-KJN<br><br>**ORDER REMANDING CASE TO STATE COURT** |

Plaintiff moves for an order remanding this putative class action to state court, arguing that Defendants erroneously removed this case under 28 U.S.C. § 1332(a). Specifically, Plaintiff argues Defendants have failed to show that the $75,000 amount-in-controversy requirement prescribed in § 1332(a) has been satisfied.

1

Removal jurisdiction exists under 28 U.S.C. § 1332(a) only where "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). A putative class action cannot be removed under § 1332(a) unless "at least one named plaintiff satisfie[s] the amount in controversy requirement . . . ." Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 398 (9th Cir. 2010) (citing Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546 (2005)).

The parties' dispute the value of Plaintiff's requests for attorneys' fees, injunctive relief, and California Private Attorneys General Act ("PAGA") civil penalties (prescribed in Cal. Lab. Code § 2698 et seq.). Defendants argue these requests place at least $24,216.61 in controversy, which is sufficient for the total amount in controversy to exceed $75,000, since "[Plaintiff] concedes . . . that his [claims for damages and penalties under the California Labor Code] place in controversy . . . $50,783.40."[1] (Defs.' Opp'n to Pl.'s Mot. to Remand ("Defs.' Opp'n") 2:1-2, ECF No. 11.)

Since Plaintiff "seeks . . . [injunctive] nonmonetary relief . . . removal of [this] action is proper . . . if the

---

[1] Plaintiff seeks damages and penalties in his First Amended Complaint ("FAC") for the following alleged Labor Code violations: 1) failure to pay overtime compensation required by sections 510, 1194, and 1198; 2) waiting time penalties authorized in section 203; 3) failure to provide meal breaks required by section 226.7; 4) failure to provide accurate wage statements required by section 226; and 5) penalties authorized in the PAGA. The parties dispute the value of Plaintiff's PAGA claim: Plaintiff argues this claim should be valued at $900; whereas, Defendants contend it should be valued at $7100. Since "[Plaintiff] does not contest that . . . [this claim] places in controversy at least $900" (Defs.' Opp'n 2:19-21), Defendants include this $900 value in their $50,783.40 estimate of the uncontested amount in controversy. The parties dispute the correctness of Defendants' assertion that an additional $6200 in PAGA penalties should be included in the amount in controversy.

2

district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000. 28 U.S.C. § 1446(c)(2); see Heffner v. LifeStar Response of New Jersey, Inc., 13-CV-00194, 2013 WL 5416164, at *4 (E.D. Pa. Sept. 27, 2013) (applying 1446(c)(2)'s preponderance standard to a claim seeking both damages and injunctive relief).

"Under this burden, . . . [D]efendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional minimum. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). Defendant's proof may consist of "facts presented in the removal petition as well as any 'summary judgment-type evidence relevant to the amount in controversy at the time of removal.'" Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997)). However, "[c]onclusory allegations as to the amount in controversy are insufficient," id. at 1090-91, and if "doubt regarding the right to removal exists, a case should be remanded to state court." Id. at 1090.

**a. Attorneys' Fees**

Defendants argue Plaintiff has incurred "in excess of $24,216.60" in attorneys' fees to date since, among other tasks, Plaintiff's attorneys have interviewed Plaintiff, corresponded with defense counsel, conducted legal research, and drafted several litigation documents. (Defs.' Opp'n to Pl.'s Mot. to Remand ("Defs.' Opp'n") 3:12-4:1, 4:8-11, ECF No. 11.)

"[Attorneys'] fees may be included in the amount in controversy" where "an underlying statute authorizes a[] [fee]

3

award. . . ." Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998). Since Plaintiff alleges in his FAC that he is entitled to statutorily authorized attorneys' fees under Labor Code sections 2699, 1194, and 226 (FAC ¶¶ 30, 52, 62), these fees may be included in the amount in controversy. Galt, 142 F.3d at 1156. However, Defendants' argument that Plaintiff has already incurred "in excess of $24,216.60" in fees (Defs.' Opp'n 4:8-11) disregards how attorneys' fees are considered in class actions for purposes of § 1332(a)'s amount in controversy requirement.

To determine the amount in controversy under § 1332(a), "any potential attorneys' fees award . . . must be divided among all members of the plaintiff class . . . [,]" unless the statute under which fees are sought allocates fees exclusively to the named plaintiff. Kanter v. Warner-Lambert Co., 265 F.3d 853, 858 (9th Cir. 2001); see Gibson v. Chrysler Corp., 261 F.3d 927, 942-43 (9th Cir. 2001) (distinguishing a California statute that awards attorneys' fees to "a successful party" from a Louisiana statute that awards fees to "representative parties," and finding the former requires pro rata division of attorneys' fees for purposes of amount in controversy (citing In re Abbott Labs., 51 F.3d 524, 526 (5th Cir. 1995))).

Here, since sections 2699, 1194, and 226 do not allocate attorneys' fees exclusively to the named plaintiff, Defendants' estimate of potential attorneys' fees must be divided by the number of class members. See Walker v. CorePower Yoga, LLC, 12CV4-WHQ-DHB, 2013 WL 2338675, at *6 (S.D. Cal. May 28, 2013) (dividing fees pro rata for amount in controversy purposes in class action alleging Labor Code violations.) Defendants have

4

submitted evidence showing that there are at least fifty-four members of the putative class. Therefore, Defendants' argument that attorneys' fees incurred in this action to date are "in excess of $24,216.60" (Defs.' Opp'n 4:8-11) is conclusory and insufficient to establish the valuet of attorneys' fees in controversy. Cf. Velasquez v. HMS Host USA, Inc., 2:12-CV-02312-MCE, 2012 WL 6049608, at *9 (E.D. Cal. Dec. 5, 2012) (Remanding in part because "Defendants provide[d] no dollar amount for . . . attorneys' fees . . . and fail[ed] to provide any evidence suggesting what that amount might be.").

Defendants also argue that the attorneys' fee award in a state case captioned Vargas v. Wendy's International Inc., No. 2005 04 AS 01043 (Sacramento Superior Court Apr. 18, 2005), which is a wage and hour action litigated by Plaintiff's counsel against Defendants, establishes that attorneys' fees in Plaintiff's present lawsuit will "exceed $24,216.60." (Defs.' Opp'n 6:15-17.) Defendants request that judicial notice taken of documents filed in Vargas; however, since Defendants have not "explain[ed] what relevance these documents have to this case . . . " the request for judicial notice is denied. Ventura Mobilehome Communities Owners Ass'n v. City of San Buenaventura, 371 F.3d 1046, 1052 n. 5 (9th Cir. 2004); see Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 n. 2 (9th Cir. 2006) (denying request for judicial notice where documents were "not relevant to resolution of th[e] appeal."); see generlly Icard v. Ecolab, Inc., C 10-0410 PJH, 2010 WL 2528968, at *3 (N.D. Cal. June 18, 2010) ("As the court's experience with multiple wage and hour class actions on its docket demonstrates, . . . each case is

5

different, and it is impossible to generally speculate as to what amount of work will ultimately be expended on the litigation . . . ."); Pulera v. F & B, Inc., 2:08-CV-00275-MCEDAD, 2008 WL 3863489, at *5 (E.D. Cal. Aug. 19, 2008) ("[A] speculative argument regarding the anticipated value of the award is insufficient to support diversity jurisdiction." (citing Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992)).

Further, Plaintiff's opposition to Defendants' conclusory assertions about the value of the attorney's fees Plaintiff has incurred includes declarations from his attorneys, in which they aver that Plaintiff incurred $14,670.00 in fees for their services through the date of removal. Therefore, the evidentiary record demonstrates that the value of approximately $271.67 of attorneys' fees is included in the amount in controversy since the $14,670.00 of fees that Plaintiff has incurred is divided by the fifty-four class members.[2]

**b. Injunctive Relief**

Defendants argue that the cost of compliance with the injunction Plaintiff requests "greatly exceeds $24,216.60" because Plaintiff seeks a permanent injunction "requiring Defendants [to] classify all Managers as 'non-exempt'" and paying them for overtime and missed meal breaks. (Defs.' Opp'n 9:16, 9:24.) However, Since Plaintiff alleges he is no longer employed by Defendants (FAC ¶ 13), he lacks standing to seek the requested injunction. See Walsh v. Nevada Dep't of Human Res., 471 F.3d

---

[2] Plaintiff and Defendants dispute whether potential attorneys' fees incurred after the date of removal should be considered in calculating the amount in controversy. However, in light of Defendants' speculative estimates concerning the value of attorneys' fees, this issue need not be reached.

6

1033, 1037 (9th Cir. 2006) (holding former employee lacked standing to seek injunction requiring former employer to adopt anti-discriminatory policies.) Therefore, it has not been shown that the injunction Plaintiff seeks has value to him.

### c. PAGA Penalties

Further, the parties dispute the value of Plaintiff's PAGA claim. However, even assuming <u>arguendo</u> Defendants are correct in their contention that an additional $6200 in PAGA penalties should be included in the amount in controversy, this additional amount still does not establish that the amount in controversy exceeds $75,000.

### d. Jurisdictional Discovery

Lastly, Defendants request in their opposition "leave to conduct the following discovery: the total number of hours that each of [Plaintiff's] two sets of counsel have spent on this matter to date and the hourly rate for each lawyer who expended such time; and [Plaintiff's counsel's] billing statements concerning the $583,327.50 in fees they sought and received in <u>Vargas v. Wendy's International Inc.</u>, . . . ." (Defs.' Opp'n 7:11-15.)

Although "it may be appropriate to allow discovery relevant to jurisdictional amount prior to remanding[,] . . . [Ninth Circuit] decisions do not . . . indicate that such discovery is *required*." <u>Abrego Abrego v. The Dow Chem. Co.</u>, 443 F.3d 676, 691 (9th Cir. 2006) (internal quotation marks and citations omitted).

Here, Plaintiff has partially satisfied Defendants' discovery request since Plaintiff submitted declarations from his

7

counsel showing the fees incurred in this matter through the date of removal. Further, Defendants have not shown that any billing statement submitted in Vargas would have sufficient probative value of the attorneys' fees recoverable in this action. Therefore, Defendants' request for jurisdictional discovery is denied.

## I.    CONCLUSION

For the stated reasons, Plaintiff's remand motion is granted, and this case is remanded to the Superior Court of the State of California in the County of Sacramento, from which it was removed.

Dated:  December 24, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge